## JULIAN B. McCREA *vs.* ROBERT G. MARSH.

A theatre ticket is only a license to enter the part of the theatre specified upon it; and n before the holder has entered, the licenser, with no more force than is necessary for the purpose, prevents him from entering, he cannot maintain an action of tort for the exclusion.

ACTION OF TORT for forcibly excluding the plaintiff from a theatre in Boston, called the Howard Athenæum.

At the trial in the superior court of Suffolk at September term 1857, the plaintiff, who was a colored person, introduced evidence tending to show that he bought of the defendant, at the box office of the theatre, a ticket of the usual size and form of tickets of admission to places of amusement, on which were printed the words, " Marsh's Juvenile Comedians. Family Circle. R. G. Marsh;" and, holding this ticket in his hand, went up the staircase leading to the " family circle," and at the head of the staircase offered his ticket to the doorkeeper in attendance, who, under the directions of the defendant, refused to admit him, on the ground of his color, and forcibly prevented hi entrance

The plaintiff contended, among other things, that, " even if the defendant possessed the right to exclude the plaintiff, still, having sold him a ticket, entitling the holder to occupy a place in the family circle of the Howard Athenæum, and to witness the juvenile comedians from thence during the public performance of the evening, the defendant had, by contract, imparted a right to the plaintiff for the time which was claimed by the plaintiff, and therefore the assault, of which the plaintiff had introduced evidence, constituted an injury and an indignity, for which the defendant must respond in damages."

But *Abbott,* J. ruled, " that the ticket, bought by the plaintiff of the defendant, was only an executory contract, by which the plaintiff contracted with the defendant to permit him to enter his exhibition, and occupy a certain place therein during the performance, and if the defendant, before any part of said contract was executed, and before the plaintiff had entered upon any portion of the place of exhibition to which he claimed to be admitted, viz., the family circle, notified the plaintiff that he should not permit him to enter, and forbade him so to do ; that in fact he, the defendant, intended not to fulfil his contract; that the exclusion of the plaintiff from the place of exhibition, and the use of sufficient force to prevent his entrance to it, after such notice to him, would not render the defendant liable to an action of tort; but that the remedy, if there was any, must be by an action on the contract."

Under this ruling, and others not material to the point decided by this court, the plaintiff submitted to a verdict for the defendant, and alleged exceptions.

*J. A. Andrew,* for the plaintiff.

*H. F. Durant & L. S. Cragin, Jr.,* for the defendant.

METCALF, J. It was correctly ruled, at the trial, that the plaintiff could not maintain this action, and that his remedy, if any, was by an action of contract. We therefore need not express an opinion concerning any of the other rulings.

Assuming that the plaintiff, by purchase of the ticket from the defendant, obtained permission to enter the family circle in the Howard Athenæum, in his own person, and occupy a place

there during the exhibition, yet it was "only an executory contract." It was a license legally revocable, and was revoked before it was in any part executed. After it was revoked, the plaintiff's attempts to enter were unwarranted, and the defendant rightfully used the force necessary to prevent his entry.

According to the decision in *Wood* v. *Leadbitter*, 13 M. & W. 838, even if the plaintiff had been permitted to enter the family circle, the defendant might have ordered him to leave it, at any time during the exhibition, and, upon his refusal, might have removed him, using no unnecessary force. The doctrine of revocable licenses was there thoroughly discussed, and the authorities analyzed, by Mr. Baron Alderson, and the case of *Tayler* v. *Waters*, 7 Taunt. 374, and 2 Marsh. 551, was overruled. See also *Adams* v. *Andrews*, 15 Ad. & El. N. R. 296; *Roffey* v. *Henderson*, 17 Ad. & El. N. R. 574; *Bridges* v. *Purcell*, 1 Dev. & Bat. 492; *Foot* v. *New Haven & Northampton Co.* 23 Conn. 214; *Jamieson* v. *Millemann*, 3 Duer, 255.

The plaintiff is doubtless entitled to recover, in an action of contract, the money paid by him for the ticket, and all legal damages which he sustained by the breach of the contract implied by the sale and delivery of the ticket.

*Exceptions overruled.*