## MIDDLESEX COUNTY.

### ALEXANDER BURTON *vs.* JOHN C. SCHERPF.

The sale of a ticket of admission to a concert is only a revocable license to the purchaser to enter the building in which it is given, and to attend the performance; and, if revoked before the performance has commenced, and before he has taken the seat to which the ticket entitles him, and he remains therein after notice of the revocation and refuses to depart upon request, he becomes a trespasser, and may be removed by the use of force necessary for that purpose; and his only remedy therefor is by an action upon the contract.

TORT for assault and battery. At the trial in the superior court it appeared that in the year 1857 one Thalberg gave a concert in a public hall in Lowell; that in the advertisement of the concert there was no restriction as to the persons to be admitted but it was stated therein that, in order to bring it within the reach of all classes, the fee for admission was put at fifty cents; that the plaintiff, who was a colored man, entered the building, purchased a ticket at the ticket-office, passed to the outside door of the hall, delivered his ticket to the doorkeeper, received from him a programme of the concert, entered the hall, and was proceeding to the seats, which were about ten feet from the door, when the defendant called him back and said to him, "You cannot go in here: we don't allow black men in here"; that, after some further conversation, in which the defendant ordered the plaintiff out and he refused to go, the defendant took hold of the plaintiff and put him outside of the hall in the presence of the audience and near the ticket-office, and there tendered him the amount of money which the plaintiff had paid for his entrance. There was no claim that any more force was used by the defendant to put the plaintiff out than was necessary, though the plaintiff's coat was somewhat torn.

The defendant requested the court to rule that this action of tort could not be maintained, and that the action should have been for breach of contract; but *Rockwell*, J., ruled that the plaintiff might recover in this form of action.

A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*T. H. Sweetser*, for the defendant.

*B. F. Butler*, for the plaintiff.

MERRICK, J.   The sale of the ticket to the plaintiff, under the circumstances stated in the bill of exceptions, was a license to him to enter the hall of the building in possession of the defendant as its temporary lessee, and to remain in it during the concert which was to be given there.   But the license was revoked immediately upon the entrance of the plaintiff into the hall and before he had taken his seat.   By remaining there afterwards, and refusing to depart upon request, he became a trespasser; and the defendant had a right to remove him by the use of such degree of force as his resistance should render necessary for that purpose.   It is not alleged that in the exercise of this right the force used was at all excessive, or more than was requisite to effect his removal in a reasonable manner from the premises.

A parol license by the owner of real estate, to enter or do any particular act upon it, may commonly be revoked at any time before the object and purpose for which it was conceded has been fully availed of, or wholly accomplished.   *Ruggles* v. *Lesure*, 24 Pick. 187.   *Hewlins* v. *Shippam*, 5 B. & C. 221.   This general proposition is not contested by the plaintiff; but he claims that, as the contract under which his license was derived was either wholly or in part executed, and as he was in the actual enjoyment of the privilege conferred upon him at the time when the defendant undertook to revoke it, the right of revocation was lost and could no longer be asserted.   This claim is founded upon the clear and well recognized distinction between a mere license which neither passes any interest nor alters or transfers property in anything, but only makes an action lawful which would otherwise have been unlawful, and a license coupled with a grant, or arising from a sale of property to be taken and carried from the land where it is situate or upon which it is placed.   *Thomas* v. *Sorrell*, Vaughan, 330.   In the latter case it is irrevocable so far as the contract is executed. Thus where the parties entered into an oral contract that the

defendant should cut certain trees upon the plaintiff's land, peel them and take the bark to his own use, and pay therefor a certain price per cord, and in pursuance of the contract the defendant entered upon the land, cut the trees and peeled them, it was held that the plaintiff could not revoke the license nor prevent the defendant from taking away the bark, and that his entry upon the land for the purpose of taking and carrying away the bark after he had been forbidden to do so, was not a trespass but a lawful and justifiable act. *Nettleton* v. *Sikes*, 8 Met. 34. *Claflin* v. *Carpenter*, 4 Met. 580. So where the plaintiff sold certain standing trees upon his land to the defendant for a price agreed upon, and he thereupon entered and cut down a part of them, and before any of them were taken away he was forbidden by the plaintiff to proceed any further in the execution of the contract, or to remove any of the trees which had been severed from the freehold, and he did nevertheless go upon the land and take away such of the trees as he had previously cut down, it was determined, that although the plaintiff had a right to terminate the contract and revoke the license as to the trees left standing, he could not do so as to those which had already been cut down, and that an action of trespass against the defendant for subsequently entering upon the land and carrying away such trees could not be maintained. *Giles* v. *Simonds*, 15 Gray,   . But in another case bearing, in all the facts reported, a close resemblance to those disclosed in the present action, where it appeared that a ticket of admission to the grand stand, within the enclosure of the Doncaster races, was sold to the plaintiff, and he afterwards, upon surrendering his ticket, was permitted to enter upon the grounds within the enclosure, and that the license to him was then revoked, and, upon his refusal to depart upon request, ne was forcibly removed from the premises, it was determined, after much consideration, that upon these facts, his removal was justifiable, because the defendant had a right to countermand the license, and the plaintiff, by remaining there afterwards, wa acting in an unlawful manner; and therefore that an action for an alleged assault and battery committed upon his person in putting him out of the enclosure could not be maintained.

*Wood* v. *Leadbitter*, 13 M. & W. 845. A like determination was made in this court in the recent case of *McCrea* v. *Marsh*, 12 Gray, . McCrea purchased a ticket of Marsh, admitting him to the "family circle" in the Howard Athenæum, to witness a theatrical performance advertised to be performed there. The ticket was purchased at the ticket-office, and the plaintiff proceeded with it to the entrance of the theatre, and, exhibiting his ticket to the doorkeeper, demanded admittance. But the doorkeeper refused to allow him to enter, for the reason that the plaintiff was a colored person, and that such persons were not admitted to seats in the family circle. The defendant, being sent for and informed of what had taken place, ordered that McCrea should not be allowed to enter, and upon his attempting to do so, he was forcibly resisted and removed from the building. For this assault upon him he commenced his action; and it was held by the court, that by the purchase of the ticket he acquired a mere license to enter the theatre and witness the performance; but that the license was revocable; and, being revoked, he was himself a trespasser in attempting to enter that part of the building from which he was excluded by the proprietor; that he was thereupon lawfully removed, and could maintain no action for the assault of which he complained. These determinations completely cover the present case, and are decisive of it. The plaintiff had a mere license; it was revocable, and revoked; and upon his refusal to leave the hall to which his ticket gave him admittance, the defendant had a lawful right to remove him. For such removal an action of trespass cannot, upon the facts reported, be maintained. He may have a remedy in another form of action for breach of the contract; but that cannot affect the decision of the present case. The ruling which the defendant desired of the court would have been a correct statement of the law, and should have been given. The refusal to adopt it was erroneous, and the exception taken for that cause must be sustained.