WILLIAM H. COLLISTER, Appellant, *v.* ALBERT HAYMAN et al. Respondents.

CONTRACT — VALIDITY OF CLAUSE IN THEATRE TICKET DECLARING IT VOID IF RE-SOLD ON SIDEWALK. A theatre ticket is a license, issued by the proprietor pursuant to the contract as convenient evidence of the right of the holder to admission to the theatre at the date named, with the privilege specified, subject, however, to the observance of any reasonable condition appearing upon the face thereof and although granted for a consideration, is revocable for a violation of such condition by the holder of the ticket. A clause, therefore, in such a ticket providing that if sold by the purchaser on the sidewalk it would be refused at the door, is valid, the condition binds all subsequent purchasers and is enforceable in the manner provided thereby, where its purpose is to prevent the purchase by ticket speculators of theatre tickets and their re-sale at an advance over the price charged by the management, since a regulation of the proprietor, which tends to protect his patrons from extortionate prices, is reasonable and he has the right to make it a part of the contract and a condition of the sale. The liberty of the purchaser to sell his property is not involved, for he may sell it to any person and in any place except in the one prohibited by the contract; nor does the statute entitled "An act to

protect all citizens in their civil and legal rights " (L. 1895, ch. 1042) have any application thereto, as the clause in question does not discriminate against any person on account of any reason named in the statute, the same condition being imposed upon all and all being treated alike.

*Collister* v. *Hayman,* 91 App. Div. 612, affirmed.

(Submitted November 24, 1905; decided December 5, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 1, 1904, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The plaintiff brought this action to restrain the defendants, as proprietors of the Knickerbocker Theatre in the city of New York, from interfering with his business of selling, on the sidewalk and outside of the prohibited limits, tickets of admission to that theatre. He alleged in his complaint that at the times therein mentioned he was " a licensed theatre ticket speculator," while the defendants were managers of the Knickerbocker Theatre. In December, 1901, the defendants issued tickets of admission to their theatre and among others two with coupons attached, numbered respectively aa5 and aa7. The body of the tickets, printed in several lines, was as follows : " Knickerbocker Theatre, Al. Hayman & Co., proprietors, December 3, Tuesday evening. Orchestra, $2.00. If sold on the sidewalk this ticket will be refused at the door. Evenings at 8.15." The coupons bore the number of the seats, the date, name of the theatre, etc.

The plaintiff further alleged that on the third of December, 1901, he came lawfully into the possession of a large number of tickets of admission to various seats in said theatre including those above described, and on the evening of that day he was on the street " more than five feet removed from any point of the entrance to the Knickerbocker Theatre," engaged in offering such tickets for sale. The defendants, however, interfered with him in carrying on the sale of tickets by warning persons about to purchase, not to purchase from him and by stating to them that the management would not recognize

such tickets and that those so purchasing would not be admitted to the theatre. The defendants at the time and for at least a month before had stationed in front of their theatre at each side of the entrance thereto, large signs, five by seven feet, with the following words conspicuously painted upon them : " Tickets purchased on the sidewalk will positively be refused at the door." Furthermore, the defendants on the evening in question as well as previously, had stationed near the entrance to the theatre private detectives to warn those intending to purchase tickets from the plaintiff not to do so and informing them that if they bought tickets from him they would not be admitted to the theatre and that he had no right to sell any tickets of admission, even though they had been duly issued by the proprietors. The plaintiff finally alleged that by the methods thus described the defendants had prevented many people from purchasing tickets of him ; that the selling of theatre tickets was his sole business, from which he derived an income of at least $4,000 a year and that by means of the premises as well as by threats to continue such acts, he was prevented from carrying on a lawful calling. The relief demanded was an injunction restraining the defendants from doing the acts complained of and for the sum of $4,000 damages.

The defendants answered admitting many of the allegations of the complaint and putting at issue the remainder. Upon the trial at Special Term, the motion of the defendants to dismiss the complaint upon the pleadings was granted and the judgment entered accordingly was unanimously affirmed by the Appellate Division. The plaintiff appealed to this court.

*Max D. Steuer* for appellant. The complaint states a cause of action. ( *Village of Stamford* v. *Fisher*, 140 N. Y. 190 ; *Civil Rights Case*, 109 U. S. 62 ; *People ex rel. Tyroler* v. *Warden*, 157 N. Y. 116 ; *Grannan* v. *W. R. Assn.*, 153 N. Y. 457 ; *People* v. *King*, 110 N. Y. 419 ; *MacGowan* v. *Duff*, 12 N. Y. S. R. 680 ; *Drew* v. *Peer*, 93 Penn. St. 234 )

*Nathaniel Cohen* for respondents. The complaint fails to state an equitable cause of action against the defendants. (*Frohman* v. *Miner*, N. Y. L. J. Nov. 18, 1890 ; *Wood* v. *Leadbitter*, 13 M. & W. 838 ; *McCrea* v. *Marsh*, 12 Gray, 211 ; *Burton* v. *Scherpf*, 1 Allen, 133 ; *Pearce* v. *Spalding*, 12 Mo. App. 135 ; *Johnson* v. *Wilkinson*, 139 Mass. 4 ; *Greenberg* v. *W. T. Assn.*, 140 Cal. 357 ; *Purcell* v. *Daly*, 19 Abb. [N. C.] 301.)

. VANN, J.   A theatre may be licensed like a circus, but the license is not a franchise and does not place the proprietors under any duty to the public, or under any obligation to keep the theatre open.   The license of a "ticket speculator," so far as it has any validity, simply authorizes him to conduct his business on the sidewalk, within the limits prescribed. (City charter, §§ 50, 51, 1472, 1473.)   Neither the license to the owner of the theatre nor the license to the ticket speculator adds to or takes from the rights of the parties to the contract made when the proprietor sells a ticket.   The rights of the purchaser and the duties of the proprietor are measured by the terms of the contract as in fact made.   "The privilege accorded by the city authorities cannot change the inherent nature of a theatre ticket."   The ticket is not the contract, although to some extent it is evidence thereof.   The contract is implied from the circumstances and is an agreement on the part of the proprietor for the consideration mentioned to admit the holder of the ticket, upon presentation thereof, to his theatre at the date named, with the right to occupy the seat specified and to there witness the performance.

A theatre ticket is a license, issued by the proprietor pursuant to the contract as convenient evidence of the right of the holder to admission to the theatre at the date named with the privilege specified, subject, however, to his observance of any reasonable condition appearing upon the face thereof. The license, although granted for a consideration, is revocable for a violation of such condition by the holder of the ticket in the manner specified therein. (*Purcell* v. *Daly*, 19 Abb.

[N. C.] 301; *Wood* v. *Leadbitter*, 13 M. & W. 838; *Burton* v. *Scherpf*, 83 Mass. 133; *McCrea* v. *Marsh*, 78 Mass. 211; *Greenberg* v. *Western Turf Association*, 140 Cal. 357; 28 Am. & Eng. Encyc. [2d ed.] 124; Pingrey's Extraordinary Contracts, § 509; Wandell's Law of the Theatre, 221; Goddard's Bailments & Carriers, § 333.)

The main question presented for decision is whether the defendants had the right to make a contract with purchasers upon the condition printed in the ticket. There is no restraint by statute against such a condition and it is not opposed to public policy. There is no tendency toward monopoly, for any one can buy and sell theatre tickets, provided the sales are not made on the sidewalk where the tickets themselves provide they cannot be sold. The law does not prevent the proprietor of a theatre from making reasonable regulations for the conduct of his business and imposing such reasonable conditions upon the purchasers of tickets as in his judgment will best serve the interests of that business. A ticket speculator is one who sells at an advance over the price charged by the management. Speculation of this kind frequently leads to abuse, especially when the theatre is full and but few tickets are left, so that extortionate prices may be exacted. A regulation of the proprietor, which tends to protect his patrons from extortionate prices is reasonable and he has the right to make it a part of the contract and a condition of the sale. Unless he can control the matter by contract and by conditions appearing upon the face of the ticket which is evidence of the contract, he may not be able to control it at all, but must leave his patrons to the mercy of speculators, such as the plaintiff, who, as he alleges, was accustomed to make at least $4,000 a year from his business. That amount, of course, came out of patrons of the theatre and if other ticket speculators carrying on the same business at various theatres in the city of New York are equally successful, the additional expense to theatre-goers must be very large.

The defendants were conducting a private business which, even if clothed with a public interest, was without a franchise

to accommodate the public, and they had the right to control it the same as the proprietors of any other business, subject to such obligations as were placed upon them by the statute hereinafter mentioned. Unlike a carrier of passengers, for instance, with a franchise from the state and hence under obligation to transport any one who applies and to continue the business year in and year out, the proprietors of a theatre can open and close their place at will and no one can make lawful complaint. They can charge what they choose for admission to their theatre. They can limit the number admitted. They can refuse to sell tickets and collect the price of admission at the door. They can preserve order and enforce quiet while the performance is going on. They can make it a part of the contract and a condition of admission, by giving due notice and printing the condition in the ticket, that no one shall be admitted under twenty-one years of age, or that men only or women only shall be admitted, or that a woman cannot enter unless she is accompanied by a male escort and the like. The proprietors in the control of their business may regulate the terms of admission in any reasonable way. If those terms are not satisfactory no one is obliged to buy a ticket or make the contract. If the terms are satisfactory and the contract is made, the minds of the parties meet upon the condition and the purchaser impliedly promises to perform it. There is no rule of law that prevents the enforcement of the contract in the manner provided thereby, which is to refuse admission to the holder of a ticket who bought it on the sidewalk. Where the condition is part of the contract at its origin, it continues a part thereof as long as it exists and binds all subsequent holders with notice. The case would be very different if after the sale of a ticket containing no evidence of the restriction, an attempt were made to enforce it against a purchaser without notice. The purchaser is warned in advance of what he is buying. He has notice before he buys of the condition which the proprietors saw fit to make a part of the contract. He acts with his eyes open and if he does not like the condition he need

not buy, but if he buys he impliedly assents to the condition which controls not only himself but any purchaser from him. When the plaintiff came lawfully into the possession of the tickets in question with others, as he alleges, he had notice of the condition which appeared upon the face thereof and was bound thereby. He bought subject to that condition and every right he acquired was subordinate thereto. The ticket was assignable, for there was no restriction in the contract against selling it except in a particular place and a transfer could be made by simple delivery. The plaintiff, therefore, took it with the right to sell to any person at any time and in any place that he saw fit, provided he did not violate the condition which imposed no unreasonable restraint upon the assignability of property. When he tried to sell on the sidewalk, he clearly acted in defiance of the contract and violated the condition to which he had given an implied assent. With notice that if he sold the ticket on the sidewalk it would be refused at the door, he was attempting to sell on the sidewalk when the defendants, by their signs and agents, warned intending purchasers that the condition would be enforced and that the holder of a ticket purchased from him under such circumstances would be denied admission. The defendants did nothing but notify people so that they could not be imposed upon by him and induced to purchase tickets which would be of no use because sold in violation of the contract.

This is not a case involving the liberty of the plaintiff to sell his property, for he could sell it to any person and in any place, except in the one prohibited by the contract which constituted the property. The contract did not interfere with his absolute freedom of action except to this limited extent duly agreed upon in advance, while he attempts to interfere with freedom of contract on the part of the defendants by restraining them from enforcing an agreement which they had made and to which he had assented.

Restraint by statute and restraint by contract are quite different. What the parties to a contract agree upon is valid

almost without limitation, but what the legislature may pro-
hibit parties from agreeing upon is subject to the limitations
of the fundamental law.   Those limitations do not bear upon
the case now before us.   Our recent decision in *People ex rel.
Tyroler* v. *Warden, etc.* (157 N. Y. 116), relied upon by the
appellant, is not analogous.   We there adjudged unconstitu-
tional a statute which prohibited as a crime the selling of
transportation tickets by any person except common carriers
and their specially authorized agents, in so far as it undertook
to prohibit citizens of the state from engaging in the business
of brokerage in passenger tickets.   This case involves not a
statute but a contract, which excludes no one from carrying
on the business of selling theatre tickets, but simply prevents
a sale thereof on the sidewalk in violation of the express
stipulation of the tickets themselves.

The statute entitled " An act to protect all citizens in their
civil and legal rights," has no application.   (L. 1895, ch. 1042;
*People* v. *King*, 110 N. Y. 418.)   That act provides for the
equal accommodation of all persons in " places of public
accommodation or amusement, subject only to the conditions
and limitations established by law and applicable alike to all
citizens."   It makes it a misdemeanor to deny "to any citizen,
except for reasons applicable alike to all citizens of every race,
creed or color, and regardless of race, creed and color, the full
enjoyment of any of the accommodations, advantages, facilities
or privileges," enumerated in the statute, including theatres
by specific mention.   This has no bearing upon the re-sale of
tickets in violation of a contract made with the original pur-
chaser.   It was especially designed to prevent the exclusion
from " places of public accommodation or amusement," of
any one on account of race, creed or color and apparently
was also intended to prevent any discrimination founded on
rank, grade, class or occupation.   The contract and tickets in
question did not discriminate against any person on account
of any reason named in the statute, for the same condition is
imposed upon all and all are treated alike.   The holder is
not excluded because he bought of the plaintiff, but because

17

he bought in the prohibited place. The plaintiff was not excluded, for he could have used the tickets himself. No class of persons was excluded, such as lawyers, doctors, merchants or mechanics, but simply those who bought in violation of the terms of the contract after notice thereof.

We think that the contract with the original purchaser of the tickets was valid; that the express condition named therein bound all subsequent purchasers, and that it could be enforced in the manner provided thereby. The judgment should, therefore, be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur.

Judgment affirmed.