(49 Misc. Rep. 328.)

### PEOPLE ex rel. BURNHAM v. FLYNN, Warden.

(Supreme Court, Special Term, New York County. February, 1906.)

1. CONSPIRACY—WHAT CONSTITUTES.

Where theatrical managers combine to exclude a certain individual from their respective establishments, it constitutes an unlawful conspiracy, authorizing a commitment of one of the parties to such agreement on proof of overt acts.

2. HABEAS CORPUS—WHEN MAINTAINABLE.

Where findings essential to the validity of a commitment under Code Cr. Proc. § 208, were made that a crime had been committed, and probable cause existed to believe the defendant guilty thereof, and were supported by evidence, the discretion of the magistrate in holding the accused cannot be reviewed on habeas corpus.

Application by the people, on the relation of one Burnham, for writ of habeas corpus against William Flynn, warden. Writ dismissed, and relator remanded.

Parker & Aaron, for relator.

James W. Osborne, for William Travers Jerome, Dist. Atty.

FITZGERALD, J. The return of this writ shows that relator, after a preliminary examination in a magistrate's court upon a complaint charging him and others with conspiracy (Pen. Code, & 168), was held to answer to the Court of Special Sessions, and, pending trial, was regularly committed to the custody of the respondent. The complainant, a dramatic critic, charged the defendant and other theatrical managers in the city of New York with forming a combination to exclude him by force from their respective establishments, and that, in pursuance of such agreement, certain overt acts were committed by which he was debarred from entering a number of places of amusement, notwithstanding the fact that in each case he was the possessor of an admission ticket, properly obtained and exhibited. It appears that these managers were offended by certain opinions expressed in some of complainant's writings. Their resentment may or may not be well founded, but that is immaterial. It cannot be held that dramatic criticism is of itself unlawful; and, while it may be that critics in some instances transcend legal bounds, the law in such cases affords ample remedies against writers and publishers. It is claimed that the combination of managers in this instance practically control all of the city theaters, and that the effect of their conduct is to deprive the complainant of the opportunity of pursuing his profession. The gravamen of the charge lies in the agreement, and the collective rights of the parties thereto cannot be measured by the nature of their individual rights in respect to individual acts.

It is true that a theatrical manager owes no duty to the public to give performances, and that, beyond the return of any money paid in advance for seats, he incurs no liability, should he see fit to discontinue for a time, or altogether abandon, attractions already announced. He may even refuse to sell tickets to some applicants, while freely disposing of them to others, provided such discrimination is not on account of race, color, etc. (Pen. Code, § 383); but, conceding him all these rights, they cannot be held to excuse agreements between a number of managers to the prejudice of an individual or a class of individuals. There are, unquestionably, many purposes for which persons engaged in the same general line of affairs may lawfully combine; but, when the purpose of the combination is of a character to affect prejudicially the interests of others, then acts. which may be within lawful bounds when done by an individual may become criminal if done in pursuance of a common agreement by a number of individuals. Thus it has been held that a spectator may lawfully hiss an actor, but that it is otherwise if several persons go to a performance with a common understanding for such purpose. Clifford v. Brandon, 2 Camp. 357. It is as much conspiracy to agree to do lawful acts by unlawful means as it is to agree to do unlawful acts; and, tested by the character of the act contemplated, the agreement becomes often of itself the unlawful means.

The possession of a ticket is evidence, to some extent, of the existence of contractual rights and obligations between its holder and the manager of a theater (Collister v. Hayman, 183 N. Y. 250, 76 N. E. 20); and an agreement or understanding to ignore or repudiate such contract, and to deprive the holder of his right "to occupy a seat and witness the performance," without showing any breach of condition on his part, may consititute an actionable wrong (Lumley v. Gye, 2 El. & Bl. 216). The findings essential to the validity of the commitment, to wit, that a crime has been committed, and that probable cause existed to believe the defendant guilty thereof (Code Cr. Proc. § 208), are supported by evidence; and the discretion of the magistrate cannot be reviewed upon habeas corpus proceedings.

Writ dismissed, and relator remanded. Order to be settled upon notice to all parties represented at hearing.

Writ dismissed, and relator remanded.