## EJECTMENT FROM AMUSEMENT RESORT WHERE NO FEE IS CHARGED.

Circuit Court of Cuyahoga County.

THE HUMPHREY COMPANY v. LOUIS H. COHEN.

Decided, December 7, 1908.

The proprietor of an amusement resort at which no entrance fee is charged, has a right to eject any person from the ground for violation of any rule, reasonable or unreasonable, which he may see fit to adopt, provided he uses no unnecessary force in so doing.

*Smith, Taft & Arter,* for plaintiff in error.
*E. Maloney* and *Fred Desberg,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Petition in error is filed in this court to reverse a judgment for $400 recovered by Cohen against the Humphrey Co. for an alleged assault and battery, resulting from excessive force used in ejecting Cohen from the grounds of the Humphrey Company, which operates a place of amusement for the public known as Euclid Beach Park, near the city of Cleveland, in Cuyahoga county, Ohio. The amended petition alleges that Cohen being on the grounds of the Humphrey Company with his little girl, three years old, and separated from his wife and another child, was compelled to take his little girl into the men's closet on the grounds in order that she might relieve herself according to the demands of nature. He was ordered out of the closet by an attendant, had some words with him, was taken to the office of the company on the grounds where he had further words with the manager of the company, was ordered to leave the premises,

went in search of his wife and other child, delayed a few minutes to have coffee with them, was ordered away and thereupon was set upon, beaten and dragged out, being cast into the hands of a police officer of the village of Collinwood, and caused to be locked up. He alleges that all these acts were wrongfully and maliciously done by the servants of the Humphrey Company, and that in addition to the physical injuries he suffered he was made an object of public humiliation, ridicule and contempt.

An amended answer admits that Cohen was ordered out of the men's closet and ordered to leave the grounds; it further alleges that the company had a rule, of which Cohen was notified, that no female children should be permitted in the men's toilet room; that he persisted in violating said rule, and in so doing conducted himself in a disorderly manner; that Cohen was thereafter ordered to leave the premises, refused to go and was thereupon ejected, but with no greater force than was necessary.

A reply denies this plea of justification.

The case was submitted to a jury with the result stated. Many reasons are assigned why the judgment on the verdict should be reversed, but we shall notice only the one which we think should entitle the plaintiff in error to a new trial. Among other things the court charged the jury as follows:

"The defendant denies, by way of defense, that the assault, if any was made, was malicious, and says that in ejecting plaintiff from its grounds it used no greater force than it was justified in using to enforce its reasonable rules and regulations for the proper conduct of its business. This is a good defense, if established by the proof. The defendant, conducting, as it did, a place of amusement and entertainment for many thousands of people, had a right to provide for such reasonable rules and regulations for the conduct of those who chose to visit its park. It was its duty to see that its guests did not suffer wrong from its agents or servants, and it had a right also to declare a rule as to whom should not be allowed to enter the apartments especially provided for the private accommodation of men. Whether the rule the company adopted and undertook to enforce was reasonable or not, is for you to determine. The word 'reasonable' in this connection, means fair and sensible, in view of all the circumstances. Those rules are deemed reasonable

where they are fit and appropriate to the end in view, to-wit, the protection of the public, and they are adopted in good faith for that purpose; and if you should find from the evidence that it was a reasonable rule and that the plaintiff knew of that rule, or had reasonable ground to know of it and was in the act of violating it by taking and having with him his female child, then the defendant, through its agents and officers, had a right to detain him, admonish him, or expel him from the apartments or from the grounds; but, first before assaulting the body of the plaintiff, it was first the duty of the defendant to request him to leave, and then, on his refusal, it could only use such force as was reasonably necessary to remove him.''

We think it was error for the trial judge to charge that whether the rule the company adopted and undertook to enforce was reasonable or not was for the jury to determine.

The pleadings and the evidence show that Cohen was upon the private property of another. That he was there by invitation, as one of the public, whose presence was desired on the grounds to the end that they might patronize the amusements conducted thereon for profit to the owner, makes him a licensee and so distinguishes him from a trespasser, but gives him no right to remain thereon beyond the pleasure of the owner. This license the owner might revoke upon any pretext, reasonable or unreasonable, or through mere whim or caprice. Upon the owner's making known to Cohen his desire that he leave the premises, it was Cohen's duty to comply without unnecessary delay. This the court should have charged the jury instead of as he did regarding the violation of a rule, the reasonableness of which he left to the jury to determine.

It will be understood that the civil rights of the plaintiff as protected by the statute (Sections 4426-1 and 4426-2, Revised Statutes) are not involved in this case. There is no claim that Cohen was ordered off the grounds or discriminated against on account of his nativity, race, color or persuasion, religious or political. Nor have we here any right of Cohen arising *ex contractu* by reason of his having paid an entrance fee; the gate is free at Euclid Beach Park.

The conclusions here reached are sustained by the opinion of Judge Swetland of the S—— Court of Rhode Island, in the

celebrated case of Fred J. Buenzle, a yeoman in the United
States navy, who was refused admission to a place of resort
operated by the Newport Amusement Association because he was
dressed as a sailor.   We have no reference to a published report
of the case, but a list of the authorities cited in the opinion of
Judge Swetland is subjoined.

For error in the charge, the judgment is reversed.

*Wood* v. *Leadbitler*, 13 Mees & Wells, 838; *Purcell* v. *Daly*,
19 Abb. New Cases, 301; *Benton* v. *Schoeff*, 1 Allen, 133; *McCrea*
v. *March*, 12 Gray, 211; *Pearce* v. *Spalding*, 12 Mo. App., 141;
*Greenbury* v. *Western Turf Assn.*, 146 Cal., 359; *Smith* v. *Leo*,
92 Hun, 242; *Drew* v. *Poor*, 93 Pa. St., 234; *Horney* v. *Nixon*,
213 Pa. St., 20; *Younger* v. *Judah*, 111 Mo., 303; *Collister* v.
*Hayman*, 183 N. Y., 250.