(71 Misc. Rep. 158.)

PEOPLE ex rel. LANGE v. PALMITTER.

(Supreme Court, Special Term, New York County. March 28, 1911.)

1. MUNICIPAL CORPORATIONS (§ 661*)—REGULATION OF STREETS—ORDINANCES —VALIDITY.

Under Greater New York Charter (Laws 1901, c. 466) §§ 43, 44, 50, authorizing the board of aldermen to adopt ordinances proper for the good government of the city, and to regulate the use of the streets and sidewalks, etc., an ordinance prohibiting persons from selling theater tickets on the streets in front of theaters is within the police power to adopt reasonable regulations regulating the traffic on sidewalks, as preventing the collecting of crowds on sidewalks interfering with the use thereof by the public.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 661.*]

2. CONSTITUTIONAL LAW (§ 88*)—PERSONAL RIGHTS—CHOICE OF OCCUPATION.

The ordinance is not invalid as depriving any citizen of the right of earning his livelihood in a lawful manner, since any citizen may sell tickets in any store or office.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 164, 165; Dec. Dig. § 88.*]

Habeas corpus by the People, on the relation of John B. Lange, against Clinton C. Palmitter, a police officer of the City of New York, for discharge from custody. Writ dismissed, and prisoner remanded.

Guggenheimer, Untermeyer & Marshall (Louis Marshall, of counsel), for relator.

Archibald R. Watson, Corp. Counsel, and Louis H. Hahlo, Asst. Corp. Counsel, for respondent.

NEWBURGER, J. The petitioner seeks to be discharged from the defendant's custody on the ground that the ordinance under which he has been arrested is void for the reasons set forth in his petition. This ordinance was adopted by the board of aldermen on the 14th

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

day of February, 1911, and approved by the mayor on February 16, 1911, and reads as follows:

"An Ordinance Relative to Public Places of Amusement.

"Be it ordained by the board of aldermen of the city of New York as follows:

"Section 1. No person shall conduct on or in any street in the city of New York, the business of selling or offering for sale any ticket of admission or any other evidence of any license, contract or right of entry to any performance or exhibition in or about the premises of any duly licensed theater, concert hall, place of public amusement, circus, common show, or any place of public amusement for which a license is not required by law. Nor shall any person solicit by words, signs, circulars or other means any person to purchase any such ticket upon any such street. Any person guilty of a violation of this ordinance, or any part thereof, shall, upon conviction before a city magistrate, be punished by a fine not exceeding ten dollars, and in default of payment of any fine so imposed, shall be committed to the city prison for a term not exceeding ten days, each day of such imprisonment to be taken as a liquidation of each dollar of such fine.

"Sec. 2. This ordinance shall take effect thirty days after its approval by the mayor."

The petitioner is charged with having violated this ordinance, in that on the 20th day of March, 1911, in the public street in the city of New York, in front of the Metropolitan Opera House, 1419 Broadway, he unlawfully conducted the business of selling a ticket of admission to said opera house. He admits that he is a ticket speculator, and, although no reference is made in his petition as to whether he sold tickets at the time and place referred to in the complaint before the magistrate, yet he claims to have a large number of tickets to the opera house in his possession.

It is contended, however, that the board of aldermen had no power to pass the ordinance.

Section 43 of the charter (Laws 1901, c. 466) provides in part:

"Sec. 43. The board of aldermen shall have power to make, * * * all ordinances * * * not contrary to the laws of the state, or the United States, * * * . as they may deem necessary and proper for the good government, order and protection of persons and property and for the preservation of the public health, peace and prosperity of said city and its inhabitants."

Section 44 provides:

"No enumeration of powers in this act shall be held to limit the legislative power of the board of aldermen except as in this act specifically provided; and the board of aldermen in addition to all enumerated powers may exercise all of the powers vested in the city of New York by this act, or otherwise, by proper ordinances, rules, regulations and by-laws not inconsistent with the provisions of this act, or with the Constitution or laws of the United States or of this state; and, subject to such limitations, may from time to time ordain and pass all such ordinances, rules, regulations, and by-laws applicable throughout the whole thereof, as to the said board of aldermen may seem meet for the good rule and government of the city, and to carry out the purposes and provisions of this act or of the enforcement of the same by such fines, penalties, forfeitures and imprisonment as may by ordinance or by law be prescribed."

In section 50 of the charter is found the following:

"Subject to the Constitution and laws of the state, the board of aldermen shall have power to regulate the use of streets and sidewalks by foot passengers, animals or vehicles * * * to prevent encroachments upon and

obstructions to the streets * * * to regulate public cries, advertising noises, steam whistles and ringing of bells in the streets."

Mr. Justice Chase, in Fifth Avenue Coach Co. v. City of New York, 194 N. Y. at page 28, 86 N. E. at page 826 (21 L. R. A. [N. S.] 744), in referring to the right of the city to adopt ordinances pursuant to power given it by the charter, says:

"That the defendant owns in fee the streets and avenues over which the plaintiff runs its stages is not disputed. Such streets are held in trust for public uses. In Osborne v. Auburn Telephone Company, 189 N. Y. 393, 397 [82 N. E. 428, 429], this court say: 'Cities which own the fee in the streets may contract, lease or grant their use for public or municipal purposes not inconsistent with nor prejudicial to the public easement or use for street purposes. In such cases the fee having been transferred to the municipality, it can grant rights in the streets other than for street purposes which do not impair the public easement.' The converse of such statement is true, and a city which owns the fee of its streets can refrain from granting rights therein that are not for street purposes. * * * In further considering the authority of defendant to enact said. ordinance, the language of the charter may be repeated in so far as it says that the board of aldermen may make such ordinances 'as they may deem necessary and proper for the good government * * * of said city and its inhabitants,' and also, 'as to the said board of aldermen may seem meet for the good will and government of the city.' * * * The board of aldermen are thus the judges as to what ordinances they will pass to carry out and preserve the interests of the municipality and unless an ordinance passed by them is wholly arbitrary and unreasonable it should be upheld. The necessity and advisability of the ordinance is for the legislative power to determine. The presumption is in favor of the ordinance."

In People ex rel. Armstrong v. Warden, 183 N. Y. 223, 76 N. E. 11, 2 L. R. A. (N. S.) 859, the court says:

"The other objection made by the relator to the validity of the statute presents a question which has been very much discussed in this court as well as in other courts, and that is that the statute interferes with the relator's right to carry on a lawful business without being hampered by statutory regulations. The cases are abundant which held that the individual has the right to carry on any lawful business, or earn his living in any lawful way, and that the Legislature has no right to interfere with his freedom of action in that respect, or otherwise place restraints upon his movements. But, of course, these cases must all be understood as applying to laws that are not within the police power. If the statute comes fairly within the scope of the police power, it is a valid law, although it may interfere in some respects with the liberty of the citizen. which, of course, includes his right to follow any lawful employment. A statute to promote the public health, the public safety, or to secure public order or for the prevention or suppression of fraud is a valid law, although it may, in some respects, interfere with individual freedom. All business and occupations are conducted subject to the exercise of the police power. Individual freedom must yield to regulations for the public good. It may be laid down as a general principle that legislation is valid which has for its object the promotion of the public health, safety, morals, convenience, and general welfare, or the prevention of fraud or immorality."

It is apparent that the control of the streets and the adoption of reasonable regulations as to the traffic thereon and the use of the sidewalks by foot passengers is within the powers of the board of aldermen of this city. The ordinance is not unreasonable, oppressive, or in contravention of common right. Broadway is an important thoroughfare. It is crowded at all hours, and the effect of selling tickets

on the sidewalk might be to collect crowds, and thus to interfere with the use of the sidewalks by the public, and lead to disorder. Nor does the ordinance deprive any citizen of the right of earning his livelihood in a lawful manner as is contended by petitioner. It simply prohibits the party from selling tickets on the streets in front of any licensed theater or place of amusement. He may sell his tickets in any store, office, and to any person, but not on the street in front of a licensed theater. Nor is the ordinance in violation of the constitutional rights of the petitioner. The case of People ex rel. Tyroler v. Warden, 157 N. Y. 116, 51 N. E. 1006, 43 L. R. A. 264, 68 Am. St. Rep. 763, relied upon by the petitioner, has no application to this case.

As was said by the Court of Appeals in Collister v. Hayman, 183 N. Y. 250, 76 N. E. 20, 1 L. R. A. (N. S.) 1188, 111 Am. St. Rep. 740:

"Our recent decision in People ex rel. Tyroler v. Warden, 157 N. Y. 116 [51 N. E. 1006, 43 L. R. A. 264, 68 Am. St. Rep. 763], relied upon by the appellant, is not analogous. We there adjudged unconstitutional a statute which prohibited as a crime the selling of transportation tickets by any person except common carriers and their specially authorized agents, in so far as it undertook to prohibit citizens of the state from engaging in the business of brokerage in passenger tickets."

It must therefore be held that the ordinance complained of was within the powers of the board of aldermen, and that the arrest by the defendant was justified. The writ must be dismissed, and the prisoner remanded.