Magoverning *v.* Staples.

7   145
92h 243

JAMES MAGOVERNING, Respondent, *v.* ORRIN G. STAPLES and others, Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1873.)

An incorporated agricultural society may employ persons to preserve order on its grounds during a fair.   (See Laws 1859, p. 62.)

It is the duty of those employed to preserve order, and they may put off from the grounds persons who persist in causing disorder, after they are requested to desist therefrom, and enforce the lawful regulations of the society, which are made known to those admitted to the grounds.

The society may place seats upon a part of its grounds, and charge an additional price for admission thereto to one holding a ticket to the grounds generally.

But its officers and police may not justify the forcible exclusion of such a person from the seats because he has not paid for their use, without charging him with knowledge of the requirement, and with refusal upon demand to pay or leave.

And a refusal of the holder of a ticket to the fair, to leave the seats will not justify his removal from the grounds to which his ticket admits him.

A custom to charge for the seats, of which the person removed is not shown to have knowledge, is not admissible as evidence in justification of his removal.

But evidence of a regulation of the society, establishing and authorizing the collection of additional charge for the seats, is material upon a question of unlawful exclusion by an officer, to show the authority for the demand of payment, &c.

Where a charge to the jury considers the testimony only on one side, and the counsel for the other side objects, without requesting a charge upon the remaining testimony, he has no benefit from the exception.

THIS was an appeal by the defendant from a judgment for the plaintiff, entered upon the verdict of a jury, at the Jefferson circuit.   The facts are stated in the opinion.

*James L. Starbuck,* for the appellants.

*Moore & McCartin,* for the respondents.

Present—MULLIN, P. J., and TALCOTT, J.

Mullin, P. J.    The Jefferson County Agricultural Society is duly incorporated, and holds an annual fair on its grounds, in the city of Watertown.

In September, 1870, it held a fair, and charged for admission to the grounds, giving to persons applying, tickets which admitted them to the grounds and to exhibit articles at the fair.

The defendant Staples was appointed, by the society or its officers, general superintendent, and as such he was authorized to enforce order on the grounds.

The defendant Stockweather was a policeman of the city, and assigned to duty on the fair grounds during the continuance of the fair.

The society erected on its grounds elevated seats for the use of spectators, and for admission to which a fee was charged. These seats were separated from the rest of the ground by a fence, having a gate in it, through which those desiring to occupy seats had to pass.

The plaintiff purchased, for himself and family, tickets, and paid for the same, admitting them to enter the grounds each day of the fair and compete for the prizes.

They entered the grounds, and, after visiting the objects of interest to them, they went to the gate in front of the seats, found it open, as they testify; found no one asking or receiving pay for occupying seats, and they were ignorant that any charge was made for the use of the seats, but on the contrary understood that the tickets, purchased on entering, entitled them to occupy the seats if they desired to do so.

They passed through the gate and occupied seats.    After being seated a few minutes some person came on to the seats and ordered persons sitting thereon to get off, to leave them. Soon after Staples came to plaintiff and ordered him to get off, without assigning any reason for the requirement, or asking for pay for the use of the seats.

The plaintiff said his ticket entitled him to go on to any part of the grounds and he should not leave.    Staples thereupon seized him and attempted to pull him off    Plaintiff

resisted and he (Staples) left, and in a few minutes returned with the other defendants.

In the mean time the plaintiff and his family had left the seats and were attempting to pass out of the inclosure, where they were when defendants came, and Staples ordered the others to seize plaintiff and put him off the grounds.

The plaintiff told them they need not use violence, he would go out without it; but they nevertheless seized him and dragged and pushed him out of the inclosure where the seats were, and off of the fair grounds into the highway.

The defendants testify that before any violence was attempted toward the plaintiff, and after plaintiff and his family took their seats, a person passed along and notified those accompanying them that the society charged for the use of the seats, and that those who did not pay must leave them. Staples says he called on plaintiff to pay, and if he would not requested him to leave. Plaintiff refused, using profane and abusive language, claiming the right to occupy by virtue of his ticket of admission. He then put his hand on plaintiff, using no violence, and plaintiff pushed him with some violence, and he then called the other defendants to help put him out. Plaintiff resisted, using violent and profane language; but they put him out of the inclosure and off the grounds.

The jury believed the plaintiff's version of the transaction, and found a verdict for him for fifty dollars, on which judgment was entered, and from it defendant appeals.

The agricultural society had the right to employ defendants to preserve order on the grounds during the fair, and it was the right and duty of the persons so employed to preserve order, and if persons persisted in causing disorder after request to maintain order and conform to the regulations of the society, which were made known to those admitted on the grounds, to put them off.

It was the right of the society to erect on their grounds seats for the accommodation of persons attending the fair and to charge those occupying them for their use, and to

exclude by force if necessary all who attempted to occupy them without paying the price demanded for such use. But before they could exclude a person from the seats who had a right to enter on the grounds, it must be shown that compensation for the use was exacted, and that the occupant knew of the requirement, and with knowledge thereof, and after demand of it, he refused to pay.

These facts established, the officers of the society were justified in excluding the occupant from the seats, and from the inclosure in which they were erected. But if plaintiff took a seat without knowledge that pay was demanded for its use, and having no notice that he had no right to occupy without compensation beyond what he had paid for admission to the grounds, and without any demand of him of pay, or required to leave, he was violently removed, those who removed him were liable for the violence so used. If the plaintiff testified truthfully, such was the situation of the defendants.

But if the forcible removal of the plaintiff from the inclosure in which the seats were was justifiable, there was no justification for turning out of the grounds, for admission to which the society had been paid.

If it had been shown that the conduct of the plaintiff was such, after being removed from where the seats were, as to justify the belief that he was going to create disorder on the grounds, and it could only be prevented by his exclusion from them, his removal would have been justifiable. But no such state of things existed, as is shown by himself and his witnesses.

It is not wise nor lawful, in order to preserve order on fair grounds or in any place in which large numbers of persons are assembled, that those whose duty it is to secure it should violently assault persons who are found where the regulations of the society or building say they have no right to be except upon compliance with conditions rightfully imposed, until they are satisfied that the supposed wrong-doer is informed of the conditions and refuses to comply with them.

The plaintiff, according to his view of the occurrence, was ignorantly occupying a seat to which he had no title. He had no means of learning his error, and was chargeable with no wrong until he was informed of his duty to pay or leave the seats. Finding that, although not intentionally guilty of any wrong, he was where he had no right to be, he tried to get away before the defendants could attack him, but could not, by reason of the crowd at the gate leading to the seats, and while he was thus trying to avoid a quarrel he was assaulted, not in a cruel and inhuman manner, but with violence.

It is unnecessary to say that if the jury had believed the version of the transaction as given by the defendants and their witnesses, the forcible removal of plaintiff from the seats was justifiable; but his removal from the grounds of the society would even in that case be wrongful.

The court below properly excluded evidence of the custom of the society to charge for the use of seats, the defendant not showing nor offering to show that the plaintiff knew of the custom, or was chargeable with knowledge of it.

It does not appear that plaintiff had ever before attended a fair of the Jefferson County Agricultural Society, or that he had lived six months in the county.

It seems to me, however, that the offer to show that the society had established a charge of fifteen cents for the use of seats, and directed the superintendent to collect the same, was improperly excluded.

It was not admissible to charge plaintiff with knowledge of the regulations or of the instructions; but it was important to the defendants' defence to show that, in demanding pay of the plaintiff for the use of the seats, they were carrying into effect the regulations and instructions of the society.

If there had been no authority to demand pay it would be difficult for defendants to find any excuse for removing the plaintiff. It lay at the very foundation of the defence.

The court charged the jury that "plaintiff was there with his family and so far as this case discloses, he went and occupied the seats in question—the gate, if there is a gate.

then being open, no one there asking any toll as revenue or contribution from him, and he went where he found, according to the testimony, from two to three hundred persons seated. Now, in my judgment, it is rather late to claim, in the face of all this—there being no by-law to prevent him from going where he pleased—it is too late for any of the employes or authorities of that fair to say they had a right to remove him while he was thus sitting peaceably on those seats with his family, or any provocation which he gave them did not authorize him to insist upon remaining where he was." This part of the charge was excepted to by defendants' counsel.

If we assume that the plaintiff's version of the occurrence is the correct one, the charge was correct. But the trouble was, the court entirely ignored the facts sworn to on the part of the defence. Under these circumstances the counsel should have called upon the court to instruct the jury as to the rights and liabilities of the parties if they found the facts to be as sworn to by defendants' witnesses. This was not done, and the defendants can get no benefit from his exception.

The defendants' counsel excepted to the proposition in the charge that payment at the gate was sufficient to entitle the plaintiff to access to every part of the ground, including the seats.

I do not find that the court charged in the language employed by the counsel as to the right to occupy the seats. But I do not doubt the court intended so to charge.

The answer to this objection of counsel to this clause of the charge is the same as to the former part.

If the plaintiff did not know that pay was demanded for the seats, and he sat upon them without any notice that he had not a perfect right to be there, his occupancy was rightful until the society did its duty and informed the occupants that pay was demanded, and an opportunity given to pay or remove.

As the court deprived the defendants of an essential part

of defence in excluding evidence of the regulation of the society to charge for the seats and the instruction to Staples to enforce the payment, the judgment must be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed.