CLARENCE G. T. SMITH, Respondent, *v.* LEOPOLD LEO, Appellant.

*Unjustifiable expulsion from a dancing hall — sufficiency of the complaint — measure of damages.*

The complaint in an action alleged that the plaintiff, upon the invitation of the defendant, presented himself at the defendant's dancing school for the purpose of dancing there with the class; that he paid the price of admission and was admitted, but was subsequently expelled, by means of which he had been greatly injured in his good name and brought into public scandal, infamy and disgrace among his associates.

*Held,* that the complaint stated a sufficient cause of action;

That as plaintiff had, at the invitation of the defendant, paid the admission fee and entered the hall, he could not be turned out of the hall except for cause;

That the court properly charged, in effect, that the plaintiff might be compensated for the indignity and disgrace of a public expulsion; that, while not entitled to exemplary damages, the plaintiff's right of recovery was not to be limited to the price which he paid to secure admission to the hall

APPEAL by the defendant, Leopold Leo, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 21st day of March, 1894, upon the verdict of a jury rendered after a trial at the Tompkins Circuit; also from an order entered in said clerk's office on the 8th day of July, 1895, denying the defendant's motion for a new trial made upon the minutes, and also from a judgment entered upon said order in said clerk's office on the 8th day of July, 1895.

*Tompkins & Cobb,* for the appellant.

*Clarence G. T. Smith* and *W. B. Estabrook,* for the respondent.

MERWIN, J.:

There are two questions that may be considered in this case: *First,* whether the complaint is sufficient, and, *second,* whether the court erred on the subject of damages.

1. The complaint is somewhat indefinite, still its allegations are to be liberally construed with a view to substantial justice (Code Civ. Proc. § 519), and it has been said that less strictness should be observed in considering objections to a complaint not made until the trial than if they were raised by demurrer. (*St. John* v. *North-*

*rup*, 23 Barb. 26.) Facts may be impliedly averred. (*Marie* v. *Garrison*, 83 N. Y. 14, 23.)

In the complaint it is alleged that the plaintiff, upon the invitation of the defendant, presented himself at defendant's dancing school on a certain evening for the purpose of dancing with defendant's dancing class, at that time and place congregated; that the plaintiff was admitted to the hall occupied by the dancers upon the payment by him to defendant of the sum demanded as the price of admission; that after plaintiff made himself ready for dancing and had been in the hall some time, he was expelled from the hall by the defendant, by means of the committing of which grievance by the defendant the plaintiff has been and still is greatly injured in his good name, fame and credit, and brought into public scandal, infamy and disgrace with and amongst his associates and others to the damage of the plaintiff of $2,500. Judgment for that amount was demanded.

In substance it was alleged that the defendant had willfully deprived the plaintiff of the enjoyment of a right that he had purchased of the defendant. The method of expulsion is not stated, but the word expel ordinarily means to drive or force out or reject. So that the defendant impliedly not only deprived the plaintiff of his right, but, with indignity and disgrace, put him out of the hall where, by his contract with defendant, he had a right to be.

The action is quite analogous to that of a passenger for illegal removal from a railroad train, and is, we think, maintainable under the allegations of the complaint. The plaintiff having, at the invitation of defendant, paid the admission fee and entered the hall, the defendant had no right to turn him out in the absence of sufficient cause. (*Magoverning* v. *Staples*, 7 Lans. 145, 148; *Drew* v. *Peer*, 93 Penn. St. 234, 242.) (See, also, *McGowan* v. *Duff*, 14 Daly, 315; *McCrea* v. *Marsh*, 12 Gray, 211.)

2. A point is made by the defendant on the theory that the court allowed the jury to give exemplary damages. This, however, is not a correct assumption. Taking the whole charge together, the jury were only allowed to give compensatory damages, and there is nothing in the amount of the verdict that indicates that the jury did otherwise. The court, in effect, charged that the plaintiff might be compensated for the indignity and disgrace. In *Hamilton* v. *Third*

*Ave. R. R. Co.* (53 N. Y. 25), which was an action for being improperly ejected from the defendant's car, it was held that, as a part of the compensatory damages, there could be given a suitable recompense to plaintiff's feelings. A like view was taken in *Buck* v. *Webb* (58 Hun, 185) and *Fisher* v. *Met. El. Ry. Co.* (34 id. 433), and the fact that no actual force was applied was not deemed to vary the rule. In 1 Sedgwick on Damages (8th ed., § 47, p. 67) it is said : " Sense of insult or indignity, mortification or wounded pride is a subject of compensation. A common instance is where a passenger is wrongfully ejected from a railroad train," and numerous cases are cited. The difficulty in estimating such damages is no objection to their recovery. (Id. § 46, p. 63.)

The plaintiff paid as the price of his admission one dollar and forty-five cents, and the defendant claims that the recovery should be limited to that amount. Upon this subject, the plaintiff having been limited in his recovery to the damages actually sustained by him, we think the court did not err.

It is suggested by the defendant that the court at the commencement of the trial, in denying a motion made by the plaintiff to amend the complaint, limited the scope of the action in stating that it was an action for damages under a contract for being expelled from a hall. The most that the court held was that the plaintiff must stand by his complaint and the facts therein alleged.

We find no sufficient ground for reversal.

HARDIN, P. J., and MARTIN, J., concurred.

Judgments and order affirmed, with costs.