AARON v. WARD.

(Supreme Court, Appellate Division, Second Department. March 18, 1910.)

1. COURTS (§ 188*)—MUNICIPAL COURT OF NEW YORK CITY—JURISDICTION—ACTION FOR ASSAULT.

> The Municipal Court of New York City has no jurisdiction of an action for an assault.
>
> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

2. COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION.

> Where plaintiff went to defendant's bathing establishment, purchased a ticket entitling her to a bathing suit, the use of a bathhouse, and the privilege of bathing in the surf in front of defendant's premises, and while waiting in line for her suit was wrongfully and roughly removed from the line by defendant's servant, her action was based on breach of contract, and not in tort, and the Municipal Court had jurisdiction.
>
> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

3. DAMAGES (§ 117*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

> Where plaintiff, after purchasing a ticket entitling her to the privileges of defendant's bathing establishment, was wrongfully and roughly removed by defendant's servant from the line in which she was waiting for a bathing suit, her damages were not limited to the amount paid for the ticket; but she was entitled to recover on principles analogous to those governing the obligations of carriers and innkeepers under similar circumstances.
>
> [Ed. Note.—For other cases, see Damages, Dec. Dig. § 117.*]

4. WORDS AND PHRASES—"EXPEL."

> The word "expel" ordinarily means to drive or force out or reject.
>
> [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2589.]
>
> Hirschberg, P. J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Ada S. Aaron against William J. Ward. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and CARR, JJ.

Alexander Van Wagoner, for appellant.

Joseph Goldstein, for respondent.

CARR, J. This is an appeal from a judgment of the Municipal Court of the City of New York, in favor of plaintiff, for the sum of $272. The defendant is the owner of a bathing establishment at Coney Island. The plaintiff claims that she went to the defendant's place of business and purchased a ticket, which entitled her to a bathing suit, the use of a bathing house, and the privilege of bathing in the surf in front of the defendant's premises. She states that after she bought the ticket she took her place in a line of other persons which had formed in front of a booth or cage, which the defendant maintained for the purpose of handing out bathing suits to his customers and keys to the bathing rooms. Her claim is that, when she reached the booth, another person, who was not on the line at all, asked for a bathing

suit, and that a young woman employed by the defendant, and who had charge of the booth, proceeded to give out a bathing suit to the newcomer. The plaintiff states that she then remonstrated with the young woman about the favoritism shown by this happening, and that in response thereto she was ordered out of the line by the young woman in charge of the booth, and called by her a "Sheeny," and that on her refusal to leave the line the young woman in charge of the defendant's booth ordered a man in the employment of the defendant to remove the plaintiff from the line. According to the plaintiff's story, this man seized hold of her roughly, and jerked her out of the line, and shook her violently several times.

She came into court on a verified complaint setting up the facts above outlined, and asking for damages. The court, on conflicting evidence, found the facts as stated by the plaintiff, and awarded her damages in the sum of $250 and costs. The amount paid by the plaintiff on buying the ticket was the sum of 25 cents. The appellant contends that the plaintiff's cause of action was one in tort for assault, if she had any at all, and not in contract. If the cause of action was one for assault, then the Municipal Court had no jurisdiction over it, and the judgment entered was erroneous. The verified complaint set forth an agreement on the part of the defendant to hire out a bathing suit and bathing room to the plaintiff, and to accord her all the privileges of a bathhouse and the surf in front of the premises. It further alleges a breach of the agreement of hire, and then sets forth:

"That by reason of the defendant's wrongful refusal to keep to his agreement, and accord the plaintiff the privileges of his bathing house and the surf in front of his premises, the plaintiff was greatly injured in her feelings and suffered severe pangs of humiliation in having been forcibly removed from defendant's bathing house and deprived of the pleasure of bathing in the surf in front of defendant's premises," etc.

It seems to me that the complaint is not based upon a tort, but states fully a cause of action for a breach of contract, and that the court below had power to entertain the action and make judgment therein. The appellant contends, however, that if the action be considered as one on contract, the court below proceeded on an erroneous theory as to the measure of damages. His contention is that, if there was a breach of contract under the circumstances of this case, the plaintiff could not recover more than the sum she paid to the defendant for the bathing privileges, namely 25 cents.

In Gillespie v. Brooklyn Heights R. R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503, it was held that a passenger might recover damages from a street railroad company for insulting language used by the conductor of a car to a woman passenger, who had paid her fare and was in process of transit, and that such damages were not limited to the amount of the fare, but should be compensatory as to the humiliation and indignity inflicted upon the passenger and for her injured feelings. In that case there was quite an elaborate review of all the authorities which had preceded this decision, and the liability was held to arise from a breach of a contract for carriage.

Again, in Busch v. Interborough R. T. Co., 187 N. Y. 388, 80 N. E.

197, it was held that a passenger on a street railroad might recover for a breach of contract against the defendant carrier for an assault and maltreatment perpetrated upon him by the employés of the defendant while he was in the course of transit. In this particular case the judgment was rendered in the Municipal Court of the City of New York, and the attack made upon the judgment was precisely the same as that made in the case at bar, namely, that the cause of action was one in·tort, and not in contract, and therefore that the trial court granting the judgment was without jurisdiction.

In De Wolf v. Ford, 193 N. Y. 397, 86 N. E. 527, 21 L. R. A. (N. S.) 860, 127 Am. St. Rep. 969, a guest at a New York City hotel recovered damages against the owner of the hotel for injured feeling because of certain indignities· perpetrated upon the guest at the time when she was occupying one of the rooms in the hotel, by the servants and employés of·the hotel keeper. The Court of Appeals decided that the indignities in question constituted a breach of contract between the innkeeper and his guest, and that into every contract between a guest and an innkeeper was to be read the condition that, during the use of the hotel by the guest, the innkeeper and his servants would treat the guest with all proper decency; the court saying as follows:

"One of the things which a guest for hire at a public inn has the right to insist upon is respectful and decent treatment at the hands of the innkeeper and his servants. That is an essential part of the contract, whether it is express or implied. This right of the guest necessarily implies an obligation on the part of the innkeeper that neither he nor his servants will abuse or insult the guest, or indulge in any conduct or speech that may unnecessarily bring upon him physical discomfort or distress of mind. The innkeeper, it is true, is not an insurer of the safety, convenience, or comfort of the guest. But the former is bound to exercise reasonable care that neither he nor his servants shall by uncivil, harsh, or cruel treatment destroy or minimize the comfort, convenience, and peace which the latter would ordinarily enjoy if the inn were properly conducted; due allowance being always made for the grade ·of the inn and the character of the accommodation which it is designed to afford."

In regard to the measure of damages the court said:

"The measure of liability, if any, will be purely compensatory, and not punitive; the plaintiff's right to recover being confined to such injury to her feelings and such personal humiliation as she may have suffered."

The real question in this case is whether there is to be read into the contract between this plaintiff and the defendant an obligation similar to that of a carrier or·an innkeeper. The appellant contends that the liability of this defendant is not to be assimilated to that of a carrier or an innkeeper, but is to be determined in the same manner as that of a proprietor of a theater. It is true that the business of keeping bathing houses for hire is not of the same public nature as that of a common carrier or an innkeeper, and may be said to be a purely private enterprise, in the same sense that the courts have held the business of a theater to be private. People ex rel. Burnham v. Flynn, 189 N. Y. 180, 82 N. E. 169; Collister v. Hayman, 183 N. Y. 250, 76 N. E. 20, 1 L. R. A. (N. S.) 1188, 111 Am. St. Rep. 740; Purcell v. Daly, 19 Abb. N. C. 301, 303. This distinction may be sound, without necessarily affecting the rule as to the measure of damages.

In People ex rel. Burnham v. Flynn, ut supra, it was held that a theater ticket was a mere revocable license; and that one who had gained admission to a theater by the lawful possession of such a ticket was subject to expulsion if the proprietor revoked the license, and that the holder of the ticket had no remedy, except for a breach of contract. In that case the court said:

"The holder of a ticket which entitles him to a seat at a given time in a place of amusement, being refused admission, is entitled to recover the amount paid for the ticket, and, undoubtedly, such necessary expenses as were incurred in order to attend the performance." ·

This statement was obiter, as the appellant in the case at bar concedes, as the question of the measure of damages was not before the court in the case just cited; the question there involved being one of criminal law, and not of civil liability. In the case last cited, the court cited with approval Burton v. Scherpf, 1 Allen (Mass.) 133, 79 Am. Dec. 717, where it was held that one who had bought a ticket for a theatrical performance, and was refused admission, and, on his refusal to leave the premises, forcibly ejected, could not recover damages for an assault, as his ticket was but a revocable license and after it was revoked he became a trespasser; the court declaring that the plaintiff may have a remedy in another form of action for breach of the contract. In Smith v. Leo, 92 Hun, 242, 36 N. Y. Supp. 949, the plaintiff bought a ticket of admission to a dancing school for the purpose of dancing with those there assembled. He was admitted to the dancing hall, made ready to dance, and, being there some time, was finally expelled by the proprietor without good cause. It was held that his recovery should not be limited to the amount paid for the ticket of admission; the court saying:

"In substance it was alleged that the defendant had willfully deprived the plaintiff of the enjoyment of a right that he had purchased of the defendant. The method of expulsion is not stated, but the word 'expel' ordinarily means to drive or force out or reject. So that the defendant impliedly not only deprived the plaintiff of his right, but with indignity and disgrace put him out of the hall where, by his contract with defendant, he had a right to be. The action is quite analogous to that of a passenger for illegal removal from a railroad train, and is, we think, maintainable under the allegations of the complaint. The plaintiff having, at the invitation of defendant, paid the admission fee and entered the hall, the defendant had no right to turn him out, in the absence of sufficient cause. Magoverning v. Staples, 7 Lans. 145; Drew v. Peer, 93 Pa. 234, 242. See, also, McGowan v. Duff, 14 Daly, 315; McCrea v. Marsh, 12 Gray [Mass.] 211 [71 Am. Dec. 745]."

The court held that a judgment for compensatory damages for indignity and disgrace should be upheld. It is contended on this appeal, however, that the authority of Smith v. Leo, ut supra, does not apply here, because in that case the judgment could have been sustained on the theory of a tort, while here the judgment must rest entirely upon the theory of a contract, as the court below had concededly no jurisdiction of a cause of action for an assault. There is, however, no indication that in Smith v. Leo, ut supra, any assault had taken place. But, if so, then the language of the Court of Appeals in Busch v. Interborough R. T. Co., ut supra, becomes most pertinent:

"It is no bar or answer to the claim of an action in contract that one in tort might have been, and ordinarily would be, brought for the acts really com-

plained of. The dividing line between breaches of contract and torts is often dim and uncertain. There is no definition of either class of defaults which is universally accurate or acceptable. In a general way a tort is distinguished from a breach of contract, in that the latter arises under an agreement of the parties, whereas the tort ordinarily is a violation of a duty fixed by law, independent of contract or the will of the parties, although it may sometimes have relation to obligations growing out of or coincident with a contract, and frequently the same facts will sustain either class of action. Rich v. N. Y. C. & H. R. R. R. Co., 87 N. Y. 382, 390. And so, while it may be conceded that, independent of any express promise or agreement, the defendant would have been subject to duties and obligations in favor of plaintiff, the violation of which by the acts complained of in this case would have amounted to a tort, that is not at all decisive that this action was not, and could not be, brought in contract."

This action at bar has been brought in contract, and a sound public policy requires that the measure of damages in this case should be applied, as in Smith v. Leo, ut supra, on principles analogous to those governing the obligations of carriers and innkeepers under similar circumstances.

The judgment of the Municipal Court is affirmed, with costs. All concur, except HIRSCHBERG, P. J., who dissents.