ADA S. AARON, Respondent, *v.* WILLIAM J. WARD, Appellant.

Contract — action for breach of contract — expulsion from bathhouse of person holding ticket entitling her to admission — price of ticket not measure of damages.

The plaintiff purchased a ticket and took her position in a line of the defendant's patrons leading to a window at which the ticket entitled her to receive, upon its surrender, a key admitting her to a bathhouse. When she approached the window a dispute arose between her and the defendant's employees as to the right of another person not in the line to have a key given to him in advance of the plaintiff. As a result of this dispute plaintiff was ejected from the defendant's premises, the agents of the latter refusing to furnish her with the accommodations for which she had contracted. The plaintiff was awarded substantial damages, defendant contending that she was not entitled to any recov-

ery in excess of the sum paid for the ticket. *Held,* that the jury had a right to award damages for the indignity thus inflicted upon her.

*Aaron* v. *Ward,* 136 App. Div. 818, affirmed.

(Submitted October 18, 1911; decided November 21, 1911.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 21, 1910, affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alexander Van Wagoner* for appellant. In all cases of breach of contract (breach of promise of marriage excepted) the plaintiff's loss is measured by the benefit to him of having the contract performed, and this is, therefore, the true measure of damages. (*Clark* v. *N. Y., N. H. & H. R. R. Co.,* 40 Misc. Rep. 691; *Jacobs* v. *Sire,* 4 Misc. Rep. 398; *Miller* v. *B. & O. R. R. Co.,* 89 App. Div. 457; *Miller* v. *King,* 166 N. Y. 394; *Aplington* v. *Pullman Co.,* 110 App. Div. 250; *People ex rel. Burnham* v. *Flynn,* 189 N. Y. 180; *Benyakar* v. *Scherz,* 103 App. Div. 192; *Todd* v. *Gamble,* 148 N. Y. 382; *Thorn* v. *Knapp,* 42 N. Y. 474; Sedg. on Dam. [8th ed.] §§ 45, 601, 603, 609.) The cases where actions *ex contractu* have been brought against carriers and transportation companies wherein damages have been allowed for humiliation, indignities and mental suffering or anguish are highly exceptional in their character, and arise altogether out of the peculiar nature and character of the particular contract under consideration. (*Gillespie* v. *B. H. R. R. Co.,* 178 N. Y. 347; *Busch* v. *I. R. T. Co.,* 187 N. Y. 388; *Conlon* v. *Met. St. R. R. Co.,* 34 Misc. Rep. 394; *Thomas* v. *Met. St. R. R. Co.,* 44 App. Div. 634; *Burfiendt* v. *N. Y. C. R. R. Co.,* 52 Misc. Rep. 651;

*De Wolf* v. *Ford*, 193 N. Y. 397.) The business con-
ducted by the defendant was purely private in its nature,
and the ticket of admission by the plaintiff was entirely
revocable at the pleasure of the defendant, and the latter
could, if necessary, expel the plaintiff from the premises
with all reasonable force. (*Collister* v. *Hayman*, 183
N. Y. 250; *People ex rel. Burnham* v. *Flynn*, 189 N. Y.
180; *McCrea* v. *Marsh*, 12 Gray, 211; *Burton* v. *Scherpf*,
1 Allen, 133; *Wood* v. *Leadbitter*, 13 M. & W. 838; *Drew*
v. *Peer*, 93 Penn. St. 234; *Smith* v. *Leo*, 92 Hun, 242;
*Rhodes* v. *S. & H. Co.*, 120 App. Div. 467; *Preiser* v.
*Wielandt*, 48 App. Div. 569.)

*Joseph Goldstein* for respondent. The trial court hav-
ing found for the plaintiff it had a right to award the
plaintiff compensatory damages and was not limited to
the actual loss of money sustained which in this case was
twenty-five cents, the price of the ticket. (*Smith* v. *Leo*,
92 Hun, 242; *Busch* v. *Interborough R. T. Co.*, 187 N. Y.
388; *De Wolf* v. *Ford*, 193 N. Y. 397; *Gillespie* v.
*Brooklyn Heights R. R. Co.*, 178 N. Y. 347; 1 Sedg. on
Dam. [8th ed.] 67.) The case at bar is analogous to that
of a passenger for wrongful treatment by a common
carrier and to that of a guest for injuries to feelings by
an innkeeper. (*Busch* v. *Interborough R. T. Co.*, 187
N. Y. 388; *De Wolf* v. *Ford*, 193 N. Y. 397.) The claim
that the business of keeping bathing houses for hire is
not of the same public nature as that of a common car-
rier or an innkeeper and may be said to be a private
enterprise may be sound without, however, affecting the
rule as to the measure of damages. (*People ex rel.
Burnham* v. *Flynn*, 189 N. Y. 180; *Burton* v. *Scherpf*,
83 Mass. 133; *Collister* v. *Hayman*, 183 N. Y. 250;
*Purcell* v. *Daly*, 19 Abb. [N. C.] 301.)

CULLEN, Ch. J. The defendant was the proprietor of a
bathing establishment on the beach at Coney Island. The

plaintiff, intending to take a bath in the surf, purchased a ticket from the defendant's employees for the sum of twenty-five cents, and took her position in a line of the defendant's patrons leading to a window at which the ticket entitled her to receive, upon its surrender, a key admitting her to a bathhouse. When she approached the window a dispute arose between her and the defendant's employees as to the right of another person not in the line to have a key given to him in advance of the plaintiff. As a result of this dispute plaintiff was ejected from the defendant's premises, the agents of the latter refusing to furnish her with the accommodations for which she had contracted. It is not necessary to discuss the merits of the dispute or narrate its details as the questions of fact involved in that matter have been decided in plaintiff's favor by the Municipal Court, in which she subsequently brought suit, and that judgment has been unanimously affirmed by the Appellate Division. The plaintiff was awarded $250 damages against the defendant's contention that she was not entitled to any recovery in excess of the sum paid for the ticket, and the correctness of the defendant's contention is the only question presented on this appeal.

The action is for a breach of the defendant's contract and not for a tortious expulsion. It is so denominated in the complaint and was necessarily so brought as the Municipal Court has no jurisdiction over an action for an assault. It is contended for the defendant that as the action was on contract, the plaintiff was not entitled to any damages for the indignty of her expulsion from the defendant's establishment. It may be admitted that, as. a general rule, mental suffering resulting from a breach of contract is not a subject of compensation, but the rule is not universal. It is the settled law of this state that a passenger may recover damages for insulting and slanderous words uttered by the conductor of a railway car as a breach of the company's contract of carriage.

(*Gillespie* v. *Brooklyn Heights R. R. Co.*, 178 N. Y. 347.) The same rule obtains where the servant of an innkeeper offers insult to his guest. (*de Wolf* v. *Ford*, 193 N. Y. 397.) And it must be borne in mind that a recovery for indignity and wounded feelings is compensatory and does not constitute exemplary damages. (*Hamilton* v. *Third Ave. R. R. Co.*, 53 N. Y. 25.)

It is insisted, however, that there is a distinction between common carriers and innkeepers, who are obliged to serve all persons who seek accommodation from them, and the keepers of public places of amusement or resort, such as the bathhouse of the defendant, theaters and the like. That the distinction exists is undeniable, and in the absence of legislation the keeper of such an establishment may discriminate and serve whom he pleases. Therefore, in such a case a refusal would give no cause of action. So, also, it is the general rule of law that a ticket for admission to a place of public amusement is but a license and revocable. It was so said by this court in *People ex rel. Burnham* v. *Flynn* (189 N. Y. 180). (See, also, *Burton* v. *Scherpf*, 1 Allen, 133; *McCrea* v. *Marsh*, 12 Gray, 211; *Horney* v. *Nixon*, 213 Penn. St. 20; *Purcell* v. *Daly*, 19 Abb. [N. C.] 301, and *MacGowan* v. *Duff*, 14 Daly, 315.) But granting both propositions, that the defendant might have refused the plaintiff a bath ticket and access to his premises, and that even after selling her a ticket he might have revoked the license to use the premises for the purpose of bathing, which the ticket imported, neither proposition necessarily determines that the plaintiff was not entitled to recover damages for the indignity inflicted upon her by the revocation. We have seen that in the case of a common carrier or innkeeper, a person aggrieved may recover such damages as for a breach of contract, while on the other hand, on the breach of ordinary contracts, a party would not be so entitled, and the question is, to which class of cases the case before us most closely approximates. In sev-

eral of the reported cases the keeping of a theater is
spoken of as a strictly private undertaking, and it is said
that the owner of a theater is under no obligation to give
entertainments at all.   The latter proposition is true, but
the business of maintaining a theater cannot be said to be
"strictly" private.   In *People* v. *King* (110 N. Y. 418)
the question was as to the constitutionality of the Civil
Rights Act of this state which made it a misdemeanor to
deny equal enjoyment of any accommodation, facilities
and privileges of inns, common carriers, theaters or other
places of public resort or amusement regardless of race,
creed or color, and gave the party aggrieved the right to
recover a penalty of from fifty to five hundred dollars for
the offense.   The statute was upheld on the ground that
under the doctrine of *Munn* v. *Illinois* (94 U. S. 113)
theaters and places of public amusement (the case before
the court was that of a skating rink) were affected with
a public interest which justified legislative regulation and
interference.   (See, also, *Baylies* v. *Curry*, 128 Ill. 287,
and *Ferguson* v. *Gies*, 82 Mich. 358.)   In *Greenberg* v.
*Western Turf Assn.* (140 Cal. 357) a statute making it
unlawful to refuse to any person admission to a place of
public amusement and giving the person aggrieved the
right to recover his damages and a hundred dollar pen-
alty in addition thereto, was upheld on the authority of
the cases we have cited — a decision plainly correct,
because if the legislature can forbid discrimination
by the owners of such resorts on the ground of race,
creed or color, it may equally forbid discrimination on
any other ground.   Our statute has since been amended
so as to expressly include keepers of bathhouses.   On the
other hand, no one will contend that the legislature could
forbid discrimination in the private business affairs of
life — prevent an employer from refusing to employ
colored servants, or a servant from refusing to work
for a white or for a colored master.   So, it has been held
that a bootblack may refuse to black a colored man's

shoes without being liable to the penalty prescribed by our statute. (*Burks* v. *Bosso*, 180 N. Y. 341.) Such conduct may be the result of prejudice entirely, but a man's prejudices may be part of his most cherished possessions, which cannot be invaded except when displayed in the conduct of public affairs or quasi public enterprises. That public amusements and resorts are subject to the exercise of this legislative control shows that they are not entirely private. Therefore, though under the present law the plaintiff might have been denied admission altogether to the defendant's bathhouse, provided she were not excluded on account of race, creed or color (*Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449), the defendant having voluntarily entered into a contract with her admitting her to the premises and agreeing to afford facilities for bathing, her status became similar to that of a passenger of a common carrier or a guest of an innkeeper, and in case of her improper expulsion she should be entitled to the same measure of damages as obtains in actions against carriers or innkeepers when brought for breach of their contracts. The reason why such damages are recoverable in the cases mentioned is not merely because the defendants are bound to give the plaintiffs accommodation, but also because of the indignity suffered by a public expulsion. In a theater or other place of public amusement or resort the indignity and humiliation caused by an expulsion in the presence of a large number of people is as great, if not greater, than in the case of an expulsion by a carrier or innkeeper, as it is the publicity of the thing that causes the humiliation.

Nor can I find that the decision we are making is in conflict with the authorities in this country. We have not been referred to any decision that holds in the case of a wrongful expulsion from a place of public amusement the aggrieved party is not entitled to compensation for humiliation and indignity. In the two Massachusetts

cases cited the actions were for assault, which of course could not be sustained if the license were revocable. Indeed the later case (*McCrea* v. *Marsh*) seems to limit the time for the exercise of the right of expulsion. They did not deal with the rule of damages. The same is true of *Horney* v. *Nixon* (*supra*). It dealt simply with the form of the action, which was trespass, and in the opinion it is said that the action should have been brought in assumpsit. In *MacGowan* v. *Duff* (*supra*) by mistake the plaintiff had been sold tickets for the wrong evening and was compelled to surrender the seats he occupied. It was held that the case did not justify an award of exemplary damages, and the learned court expressed a doubt as to the English doctrine declared in *Wood* v. *Leadbitter* (13 Mee. & W. 838) that on a revocation of the license the plaintiff could only recover the amount paid. On the other hand, in *Macgoverning* v. *Staples* (7 Lans. 145) the right to revoke a license and expel from the grounds of an agricultural fair was denied. *Smith* v. *Leo* (92 Hun, 242) is the only authority to which we have been referred on the precise question before us. There the plaintiff having bought an admission to the defendant's dancing school, was admitted thereto but subsequently expelled. It was held that he was entitled to compensation for the indignity and disgrace of his expulsion.

The judgment of the Appellate Division should be affirmed, with costs.

GRAY, WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment affirmed.