ROBERT W. CHRISTIE, Respondent, *v.* 46TH ST. THEATRE CORPORATION et al., Appellants.

Third Department, December 29, 1942.

256

[redacted]

*William Klein, Milton R. Weinberger, Laurence V. Benedict* and *Adolph Lund* for appellants.

*Charles M. Hughes* for respondent.

*John J. Bennett, Jr., Attorney-General (Henry Epstein* and *Joseph D. Stephen* of counsel), appearing under section 68 of the Executive Law (Cons. Laws, ch. 18).

HILL, P. J. Respondent has recovered a judgment against appellants for $500 penalty fixed by section 41 of the Civil Rights Law (Cons. Laws, ch. 6). The facts are not in dispute. Respondent purchased a ticket of admission to the 46th Street Theatre in New York city for the evening performance of May 27, 1941. For no reason assigned, when he sought to enter the theatre admission was refused him.

Section 40-b of the Civil Rights Law enacts that persons or corporations conducting a place of entertainment and amusement of the character later defined, are forbidden to " refuse to admit to any public performance held at such place any person over the age of twenty-one years who presents a ticket of admission to the performance a reasonable time before the commencement thereof, * * *; but nothing in this section contained shall be construed to prevent the refusal of admission to or the ejection of any person whose conduct or speech thereat or therein is abusive or offensive or of any person engaged in any activity which may tend to a breach of the peace. The places of public entertainment and amusement within the meaning of this section shall be legitimate theatres, burlesque theatres, music halls, opera houses, concert halls and circuses."

Appellants attack the constitutionality of the statute, urging that it violates their rights to equal protection guaranteed by the Fourteenth Amendment to the Constitution of the United

States, and also that it is not a proper exercise of police power, and amounts to the taking of property without due process, and base an assertion of discrimination because motion picture theatres are not included in the statute.

Under the common law, these appellants would have the right to control their theatre to the same extent as any other private business; they would have the right to decide whom to admit. (*Woollcott* v. *Shubert*, 217 N. Y. 212, 216.) Earlier similar authorities are *Collister* v. *Hayman* (183 N. Y. 250) which dealt with the right to exclude the holder of a ticket purchased from a sidewalk ticket speculator, and *People ex rel. Burnham* v. *Flynn* (189 N. Y. 180) which determined that a theatre could exclude the dramatic critic Metcalfe. For respondent to sustain his recovery, he must show that the common-law rule has been abrogated, either by constitutional provision or a legislative enactment not violative of the Constitution. *Munn* v. *Illinois* (94 U. S. 113) was a pioneer decision in this country as to certain principles here involved, although the facts differed. It is stated in that opinion: " But a mere common law regulation of trade or business may be changed by statute. A person has no property, no vested interest, in any rule of the common law. * * *. Rights of property which have been created by the common law cannot be taken away without due process; but the law itself as a rule of conduct, may be changed at the will, or even at the whim, of the Legislature, unless prevented by constitutional limitations." (p. 134.) *People* v. *King* (110 N. Y. 418) dealt with the exclusion of three colored men from a skating rink at Norwich, N. Y. A section of the New York State Penal Code (Laws of 1881, ch. 676, § 383) made it a misdemeanor to exclude any citizen from theatres and other public places because of " race, color, or previous condition of servitude." It was there determined that the common-law rule had been abrogated by the Penal Code, which in turn was constitutional. In *Woollcott* v. *Shubert* (*supra*) a dramatic critic had been excluded from the theatre, not because of race, creed or color. Our Court of Appeals decided that the Civil Rights Act as then in force (L. 1895, ch. 1042 as amd. by L. 1913, ch. 265) prevented the exclusion of any person " upon the ground of race, creed or color " but for no other reason, and that plaintiff could be excluded because of the animosity of the owner of the theatre, engendered by adverse criticism. The present Civil Rights Law, section 40-b, by its terms gives the right of admission to " any person over the age of twenty-one years who presents a ticket of admission to the performance a reasonable time before the

commencement thereof '' and whose conduct is not offensive. It is admitted that plaintiff was of the required age, came at a proper time, and was in no way offensive. In *Western Turf Association* v. *Greenberg* (204 U. S. 359) a race course held out by the proprietor as a place of public entertainment and amusement was '' so far affected with a public interest that the State may, in the interest of good order and fair dealing, require defendant to perform its engagement to the public, and recognize its own tickets of admission in the hands of persons entitled to claim the benefits of the statute.'' (p. 364.) The case dealt with a California statute which made it unlawful to refuse admittance to any person over twenty-one years of age who presented a ticket at any opera house, theatre, race course or other named place of public amusement. The question of '' race, creed or color '' was not involved.

The New York statute is constitutional and sustains plaintiff's right to recover unless the exclusion of motion picture theatres makes it discriminatory. Classifications and exceptions are matters for the Legislature, and are declared unconstitutional only where they are arbitrary and without reason. It was stated upon the argument, and we may take notice, that while there are thousands of movie theatres in the State, there are fewer than fifty so-called legitimate theatres, of which these defendants control a majority. A film that is being shown in a movie house is being shown at the same time in hundreds of others. In the legitimate theatre, the actors in person are upon the stage, and the performance which they give is the only one in the city and probably in the State. Plaintiff could see '' Panama Hattie '' presented by actors in person only at defendants' 46th Street Theatre. '' Panama Hattie '' in films could be seen in a hundred houses.

When the Legislature determined that the common law should be changed as to some places of amusement to make admission mandatory, it could determine the type of amusements to include, and as long as there were grounds and reasons for the classification which was made, the statute is not unconstitutional. (*Atkins* v. *Hertz Drivurself Stations, Inc.*, 261 N. Y. 352; *Chamberlin, Inc.*, v. *Andrews*, 271 N. Y. 1; *Woollcott* v. *Shubert, supra.*)

The judgment should be affirmed.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Judgment affirmed with costs.