■ LEONARD T. IMPASTATO et al., Appellants, v HELLMAN ENTERPRISES, INC., et al., Respondents.—Mikoll, J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 4, 1988 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action seeking to recover damages for the tort of intentional infliction of emotional distress arising out of a breach of contract, violation of the Civil Rights Law and negligent infliction of emotional distress, which they allegedly sustained as a result of their being ushered out of the Hellman Theatre on Washington Avenue in the City of Albany by police called to the scene by theatre employees. The ouster was precipitated by plaintiff Vera Garneret's failure to abide by a theatre employee's request to leave the lobby to facilitate the exit of prior viewers from the theatre. When Garneret attempted to enter the theatre she was refused admission, but she and her three companions entered the theatre nonetheless and occupied four seats in a row. Thereafter another theatre employee asked them to leave. Plaintiffs refused. Plaintiff Joseph Gagen told the employee, apparently the manager, to "get lost". The manager threatened to call the police but the four plaintiffs remained in their seats. Two police officers thereafter arrived and ordered them to leave. Plaintiffs defied the officers and invited arrest. The officers told plaintiffs that they were under arrest

and plaintiffs marched up the aisle to the lobby, some with their hands raised over their heads, in mock defiance. The crowd responded with laughter, screams and jeers. In the lobby plaintiffs were advised that they were no longer under arrest and told to leave the theatre. After a brief protest, plaintiffs were refunded the price of their tickets and they left the theatre.

After answering and obtaining the testimony of plaintiffs in an examination before trial, defendants moved for summary judgment pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the complaint for failure to state a cause of action. Defendants' motion for summary judgment was granted and this appeal ensued.

In order to recover for intentional infliction of emotional distress a "plaintiff must show that the defendants engaged in extreme or outrageous conduct which intentionally or recklessly caused severe emotional distress to plaintiff" (Van Swol v Delaware Val. Cent. School Dist., 117 AD2d 962, 963). Here, such conduct cannot be attributed to the theatre's employees. These employees, in asking plaintiffs to leave the theatre and summoning the police upon plaintiffs' failure to comply, acted within their power (see, Aaron v Ward, 203 NY 351, 355; People ex rel. Burnham v Flynn, 189 NY 180, 185-186), and their conduct was incidental to proper business motives in the operation of the theatre (see, 3 NY Jur 2d, Amusements and Exhibitions, § 7, at 524; see also, O'Rourke v Pawling Sav. Bank, 80 AD2d 847). Accordingly, plaintiffs failed to state or establish a cause of action for intentional infliction of emotional distress against defendants.

Plaintiffs have also failed to state or establish any claim for intentional infliction of emotional distress arising out of a breach of contract. An admission ticket to a place of public amusement is merely a license which is revocable, without cause, at the will of the proprietor (Aaron v Ward, supra, at 355; People ex rel. Burnham v Flynn, supra, at 185-186). Although, generally, there is no right of recovery for mental distress in an action for breach of a contract-related duty (Johnson v Jamaica Hosp., 62 NY2d 523, 528; Aaron v Ward, supra), there are exceptions, e.g., where one is ejected from a place of public amusement before a large number of people, one can recover for humiliation and indignity undergone as a result of such ejection (supra). But, " '[i]n nearly every case where such damages have been awarded, the breach has been wilful; and in many of them the ejection of the plaintiff was accompanied by wanton conduct, such as foul language, abuse

of the plaintiff, accusations of immorality, and special circumstances of humiliation and indignity. Where there were no such accompanying facts, damages for mental suffering have usually been refused' " *(Johnson v Jamaica Hosp., supra,* at 529, quoting 5 Corbin, Contracts § 1076, at 432). The record in the instant case is devoid of any such accompanying conduct on the part of the theatre's employees.

Plaintiffs have also failed to state or establish a cause of action under Civil Rights Law § 40-b since this provision by its terms is not applicable to movie theatres *(see, Christie v 46th St. Theatre,* 265 App Div 255, *affd* 292 NY 520, *cert denied* 323 US 710). Civil Rights Law § 40-b has application only to "legitimate theatres, burlesque theatres, music halls, opera houses, concert halls and circuses".

A cause of action for negligent infliction of emotional distress requires proof of a traumatic event which caused the plaintiff to fear for his own safety *(see, Ford v Village Imports,* 92 AD2d 717, 718). That essential element is missing in the instant case. Thus plaintiffs have failed to state or establish a cause of action for negligent infliction of emotional distress.

The complaint also fails to support any other cognizable cause of action. Plaintiffs have failed to state or establish a cause of action for false arrest against the employees, who did not direct or even request the police to arrest plaintiffs. The police determined on their own, in response to plaintiffs' reactions, to arrest plaintiffs. Finally, plaintiffs also failed to state or establish a cause of action for prima facie tort since malevolence must be the sole motive for defendants' otherwise lawful act *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333). The employees of the theatre here were not shown to have acted with malevolence but, rather, to have acted justifiably for valid business reason and with legitimate motives.

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.